UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    CRIMINAL NO. 18-20027

v.                                              HON. TERRENCE G. BERG

PRABHU RAMAMOORTHY,

    Defendant.

## United States of America's Motion for Canine Advocate to Accompany Victim at Sentencing

On December 12, at 2:00 p.m., the defendant and his attorney are scheduled to appear for sentencing before this Court. The United States requests that the Court permit a support animal (a black Labrador canine named Lance) to accompany the victim into the courthouse and remain in a witness room outside the courtroom during the sentencing. The defendant does not oppose this request.

### I.    Statement of Facts

The defendant was convicted of Sexual Abuse in violation of 18 U.S.C. § 2244(2) after he digitally penetrated a woman on an airplane while she slept. Sentencing is scheduled for December 12, 2018. The victim in the case plans to attend the sentencing. The use of a service dog will assist the victim by helping to

1

decrease her anxiety about seeing the defendant in court and/or potentially hearing him speak about the crime.

Lance has been trained by Leader Dogs for the Blind. Moreover, Lance's handler, Daniel Cojanu is certified as a handler with Therapy Dogs International. Lance has appeared in many courtrooms in Oakland County, to include several jury trials. Lance also has a $1,000,000.00 insurance liability policy. In short, Lance is well suited for courtroom work.[1]

It is well accepted in medical and academic fields that a friendly dog can decrease anxiety and sympathetic nervous system arousal by providing a pleasant external focus for attention, promoting feelings of safety and providing a source of comfort. Allen, Karen, "Are Pets a Healthy Pleasure? The influence of pets on blood pressure." *Current Directions in Psychological Science* 12 (2003): 236-39. Nagengast, Sunny L., Mara M. Baun, Mary Megel, and J.M. Leibowitz, "The effects of the presence of a companion animal on physiological arousal and behavioral distress in children during a physical examination." *Journal of Pediatric Nursing* 12 (1997): 323-30.

---

[1] The Program Director for the Canine Advocacy Program (CAP), Dan Cojanu is the handler for multiple therapy dogs in the program, including Lance. Cojanu attends hearings with the therapy dogs and will be present on December 12. Lance has attended prior similar sentencings, including sentencings before United States District Judge Stephen Murphy, Case No. 18-20128. The victims in that case reported that having Lance there made a huge difference.

## II. Legal Support

The 2004 Crime Victim Rights Act gives federal crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Furthermore, the CVRA makes it clear that these rights are not simply symbolic, but rather are enforceable by use of a writ of mandamus in district court. 18 U.S.C. § 3771(d)(3). Several courts have held that the rights under CVRA are meaningful and enforceable. *United States v. Patkar*, Cr. No. 06-00250, 2008 U.S. Dist. LEXIS 6055, 2008 WL 233062, at *6 (D. Hawaii 2008) (holding that the CVRA "was intended to provide meaningful rights, and not a simple laundry list of aspirational goals as to how the government and courts should treat victims"); *see also United States v. Heaton*, 458 F. Supp. 2d 1271, 1272 (D. Utah 2006) (holding that § 3771(a)(8) requires a court to consider the views of the victim before dismissing an indictment pursuant to Fed. R. Crim. P. 48(a)); *United States v. Turner*, 367 F. Supp. 2d 319, 335 (E.D.N.Y. 2005) (stating that the import of 18 U.S.C. § 3771(a)(8) is "to promote a liberal reading of the statute in favor of interpretations that promote victims' interest in fairness, respect, and dignity.").

The Michigan Court of Appeals recently ruled that a Therapy Dogs International (TDI) therapy dog could accompany a sexual assault victim while she testified. *People v. Johnson*, 2016 Mich. App. Lexis 781, *10, n.2 (April 19, 2016)

3

(citing with approval other jurisdictions that allow the use of a canine support animal to accompany witnesses at trial).

In *People v. Tohom,* 109 A.D.3d 253, 969 N.Y.S.2d 123 (2013), a state appellate court in New York asked:

> [Dogs] are such agreeable friends—they ask no questions, they pass no criticisms' (George Eliot, Scenes of Clerical Life [1857]), but do they belong in the courtroom? On this appeal, we examine the question of whether the courts of this state should permit the presence of a therapeutic 'comfort dog' in a trial setting when the court determines that the animal may provide emotional support for a testifying crime victim. We conclude that this question should be answered in the affirmative.

109 A.D.3d at 255. In *Tohom,* the trial court found that a victim's testimony was likely to cause her severe stress, and allowed a therapy dog to accompany her during her testimony. *Id,* 109 A.D.3d at 269.  In *State v. Jacobs*, 2015 WL 6180908 (2015), the Ohio Court of Appeals upheld the trial court's decision to allow a minor victim to have a therapy dog sit at her feet while she testified.

Other courts have upheld the use of therapy dogs to support victims of sexual assault. *State v. Devon D.*, 321 Conn. 656 (2016) (Supreme Court of Connecticut upheld trial court's decision to allow dog to sit near victim's feet during testimony about sexual assault, finding that correct standard was whether the "special procedure . . . will aid the witness in testifying truthfully and reliably"); *State v. Reyes* 2016 WL 3090904 (Tennessee Court of Appeals, 2016);

4

*People v. Chenault*, 227 Cal. App. 4th 1503, 175 Cal. Rptr. 3d 1 (2014); *State v. Dye*, 178 Wash. 2d 541, 309 P.3d 1192 (2013); *Smith v. State,* 2016 WL 1444143 (Court of Appeals of Texas, 2016).

Of course, all of these cases involve a victim testifying *at trial*. It is hard to see what possible harm a therapy dog could have even in that context, but nearly impossible to see what possible harm or prejudice a dog's mere presence could cause at a sentencing hearing, especially where the parties agree that the dog will remain outside the courtroom. In at least two similar cases, district courts in the Eastern District of Michigan have granted motions for a therapy dog to be present during sentencing. See Crim. No. 16-20239, *United States v. Fuller et al.*; Crim. No. 17-20632, *United States v. Massey et al.*

Facing the defendant at the sentencing hearing, whether the victim chooses to speak or not, will be unimaginably difficult. The presence of a therapy dog harms no one, yet has the potential to provide so much relief and comfort to the victim who has already endured significant hardship in this case.

### III. Conclusion

The Untied States respectfully requests that the Court grant its motion to allow Lance to enter the courthouse at sentencing and remain in a witness room with his handler. The defendant does not oppose this request.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Amanda Jawad*
Amanda Jawad
Margaret M. Smith
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9116
E-Mail: amanda.jawad@usdoj.gov

Date: December 6, 2018

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2018, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to James Amberg, counsel for defendant Prabhu Ramamoorthy.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    *s/Amanda Jawad*
    Amanda Jawad
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    Phone: (313) 226-9116
    E-Mail: amanda.jawad@usdoj.gov