# U.S. DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.

**Case No. 18-20027**
**Hon. Terrence G. Berg**

**PRABHU RAMAMOORTHY.**

        **Defendant.**

_____/

| | |
|---|---|
| UNITED STATES ATTORNEY<br>Amanda Jawad<br>Attorneys for the Government<br>211 W. Fort Street, Suite 2001<br>Detroit, MI<br>313.226.9100 office | AMBERG & AMBERG, PLLC<br>James W. Amberg (P68564)<br>Attorneys for Defendant<br>104 W 4th St., Suite 305<br>Royal Oak, MI 48067<br>248.681.6255 office<br>248.681.0115 fax<br>www.amberglaw.net |

_____/

## SENTENCING MEMORANDUM

### Introduction

    Now comes Prabhu Ramamoorthy, by his attorney, James Amberg, and respectfully submits this sentencing memorandum to the Court. Mr. Ramamoorthy was found guilty by jury of a single count of Sexual Abuse in violation of 18 USC §2242(2). This conviction stemmed from an allegation that Mr. Ramamoorthy had sexually assaulted the Complainant on a flight from Las Vegas to Detroit. The result of this case and conviction has had a profoundly negative effect on the lives of the people involved in this case. Although the guidelines call for a lengthy sentence, it is the request of Mr. Ramamoorthy that he be sentenced to a minimum incarceration period, at the conclusion of which he will be deported.

### The Life of Mr. Ramamoorthy Prior to the Charges

Mr. Ramamoorthy was born and raised in a small village in Tamil Nadu India. In this village, his parents worked as farmers. Through hard work, he was able to find success in school, graduating from college in India with a bachelor's degree. After school, Mr. Ramamoorthy's career consisted of working in technical and software-based technician jobs. His skills in this area opened many doors, including the opportunity to move to the United States.

Mr. Ramamoorthy married Geethanjali Natarajan in 2015. From everything counsel has observed, Mr. Ramamoorthy and his wife have a loving relationship, although it has been severely strained because of this case.

In June of 2015, Mr. Ramamoorthy moved to the United States, with his wife coming shortly thereafter. The couple appeared to live a normal life, filled with participation in the local Temple. Mr. Ramamoorthy became involved in the Tamil Indian community locally and was active in it until his conviction.

Prior to the case, Mr. Ramamoorthy had no criminal history and led a normal crime free life. He appears to have been a good family member, husband, and friend. His wife and him were planning on having children of their own and starting a family and new life in America.

**The Life of Mr. Ramamoorthy After Conviction**

Mr. Ramamoorthy's life as he knew it is over. Because of the conviction, after serving his sentence, he will be immediately deported back to India. As to his wife, the conviction eliminated her ability to stay in the country, so she has already returned to India. The culture of Mr. Ramamoorthy's home is much different than that of the United States. It is understood that the conviction will follow him throughout his life, and with that comes what can be described as a shunning in his society.

From speaking with multiple people familiar with this, it is counsel's understanding that the shame of the conviction will be spread to Mr. Ramamoorthy's entire family. His wife will be shunned from the other women in the village. His mother and father will lose their standing in their community. Mr. Ramamoorthy's future children will be affected as well. Mr. Ramamoorthy himself will likely not be able to find work in his village and the prospects of finding work outside of his hometown will be limited. This will last throughout his life, long after he has completed his sentence.

As it stands today, Mr. Ramamoorthy has been in custody since the Jury's verdict. During this time, he has been assaulted in custody, as well as been a victim of theft. This is likely due not just to the charges and conviction, but also because of his status as an Indian national. Although it is certainly understood that incarceration is not meant to be pleasant, it also is not meant as a place in which one should be subject to additional punishments and degradations.

Mr. Ramamoorthy does appear to have family support. His wife, brother, and parents have been in continued contact with counsel regarding the case. He does have some support still from the local community, as evidenced by the attached letter from Dr. Veluswamy, MD. (See **Exhibit A**, Dr. Veluswamy Letter)

### The 18 USC 3553(A) Factors

The goal of federal sentencing is to impose a sentence that is sufficient, but not greater than necessary based on the circumstances. *US v Kimbrough*, 552 US 85, 92-93 (2007), citing 18 USC §3553(a) While the guidelines provide an initial starting point for any analysis, the guidelines are not the only consideration and may not be given significant or special weight as to their reasonableness. *Gall v US*, 552 US 38, 49-50 (2007) Thus, the guidelines are merely advisory in the

3

Court's determination of an appropriate sentence. *US v Booker*, 543 US 220, 244 (2005)

Instead, the Court should consider all factors contained in 18 USC §3553(a) to determine whether a sentence requested by the party is appropriate. *Gall*, supra, 552 US at 49-50 If a sentencing judge should find that there exists mitigating circumstances not adequately taken into account by the Sentencing Commission or that the sentence should be reduced based on general policy or case-specific grounds, then the sentencing judge may depart downward from the advisory guidelines and fashion a sentence that best serves the interests of justice. *US v Obi*, 542 F3d 143, 155 (6th Cir 2008)

Specifically, 18 USC §3553(a) provides seven factors that the Court should review in order to impose a sentence that is "sufficient, but not greater than necessary." These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
  (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or
 (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
104 W. FOURTH STREET, SUITE 305
ROYAL OAK, MI 48067
WWW.AMBERGLAW.NET
(248) 681-6255

4

                Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)    any pertinent policy statement—
    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B)    that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

### Nature and Circumstances of the Offense

Viewing the case, the convicted act was a single, isolated incident. There is no evidence that Mr. Ramamoorthy participated in conduct like this prior to the act. Afterwards, once given pretrial release, Mr. Ramamoorthy did not engage in any further unlawful conduct.

It is argued that the Court must look to the testimony and evidence presented at trial in viewing this case as one of an attempt. Per the Guidelines, if the conviction is an attempt, "decrease attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." USSG §2X1.1(b)(1) Although it is acknowledged that "attempting" to commit 18 USC §2242(2) is no different statutorily than fully committing the crime, it is argued that a lesser sentence would be appropriate.

### The History and Characteristics of Mr. Ramamoorthy

5

As was previously stated, Mr. Ramamoorthy had no prior criminal history and there is no evidence that he ever exhibited the type of behavior found in this case. (See **Exhibit B**, Indian Consulate Certificate) He appeared to be living the American dream with a loving wife and family. Until this case, Mr. Ramamoorthy was on a positive track with his career, schooling, and life.

As to his future, Mr. Ramamoorthy is simply trying to survive his incarceration. As was mentioned, his incarceration is unique as he has numerous strikes against him that have already resulted in being attacked and victimized. Courts have found situations where granting a downward departure from the guidelines was appropriate because of vulnerability in prison. See ex *Koon v United States*, 518 US 81 (1996)(no abuse of discretion to grant downward departure to police officers convicted of civil rights violation because of vulnerability in prison)

Collateral consequences of a conviction are factors that the Court can consider if it decides to deviate below the advisory guidelines. For example, in a public corruption case, the District Court Judge recognized circumstances where the effect of publicity and protracted litigation may be a reason for a downward departure to compensate for the punishment suffered as a result of such collateral consequences. *United States v Vigil*, 476 F Supp 2d 1231, 1235 (D.N.M. 2007)(finding variance appropriate where defendant in public corruption case was already collaterally punished by loss of his position, loss of his reputation, widespread media coverage of his case, and the emotional toll of two lengthy, public trials)

In this situation, the conviction has resulted in serious negative collateral consequences. The family shunning, deportation, loss of career, dangers in prison,

6

and lifelong difficulties in his living in India are all collateral consequences that are beyond the ordinary difficulties associated with a sentence of incarceration.

### A Below Guidelines Sentence Reflects the Seriousness of the Offense, Promotes Respect for the Law, and Provides Just Punishment

The conviction in this case is for a serious crime. However, the convicted crime is broad in scope and as was previously discussed, the conviction also included the possibility that the conviction was for an attempt. This would be consistent with the confession of Mr. Ramamoorthy, as well as the question received from the Jury during deliberations. It is argued that the Court must take this into account when judging the seriousness of the offense. The physical evidence and Mr. Ramamoorthy's statements were not consistent with a completed crime.

Just punishment and promoting respect for the law is certainly a concern in this case. However, Mr. Ramamoorthy has been incarcerated since his conviction and previously was incarcerated prior to his pretrial release. His time in custody has been more difficult due to a number of factors, including his conviction and status as an Indian national. He has been slapped by an inmate, another stole his property. It is unknown what the future holds for Mr. Ramamoorthy in prison, but his experience will be most certainly more difficult than most inmates.

Mr. Ramamoorthy's punishment will be with him for the rest of his life. As was previously discussed, his future in India is filled with shunning and shame for his entire family. As to Mr. Ramamoorthy's wife, Dr. Veluswamy articulates the future for her by indicating that the conviction "certainly will have catastrophic consequences to his wife who is an innocent bystander in is [sic] process. **She will be branded and marked for the rest of her life**." (**Exhibit A**)(emphasis supplied)

7

### A Below Guidelines Sentence Will Deter Both Mr. Ramamoorthy and Others

Mr. Ramamoorthy's life is effectively over. As a result of this case, he will have been incarcerated, assaulted in custody, and eventually will be released to a life of shaming and great difficulties. These actions will undoubtedly deter others from deciding to commit sexual assault, especially in Mr. Ramamoorthy's community, as the consequences are harsh and permanent. This also holds true for Mr. Ramamoorthy, as he will experience first hand the consequences of unlawful behavior.

### A Below Guidelines Sentence Will Adequately Protect the Public

This case is an isolated incident. There is no evidence that prior to this, Mr. Ramamoorthy behaved in contravention to the law. After receiving pretrial release, Mr. Ramamoorthy behaved in a way consistent with a law-abiding person. Based on this, Mr. Ramamoorthy will not be a danger to society. Further, Mr. Ramamoorthy will be immediately deported to India, which suggests that he will not be a danger to the local community, nor the Complainant in this case.

### The Types of Sentences Available

The Court has great latitude in sentencing Mr. Ramamoorthy. It has been recommended that Mr. Ramamoorthy receive a sentence of incarceration. It is noted that at the end of the incarceration period, Mr. Ramamoorthy will never again be able to come to the United States.

### Conclusion

As was previously stated, this a very difficult case for all involved. As it pertains to Mr. Ramamoorthy, his life as he knew it is over, his family is destroyed, and his dreams of becoming a United States citizen are crushed. The conviction will follow him throughout his life, first in prison as he will have to somehow

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
104 W. FOURTH STREET, SUITE 305
ROYAL OAK, MI 48067
WWW.AMBERGLAW.NET
(248) 681-6255

8

survive, then afterwards as a shunned member of his local community. With all of this in mind, Mr. Ramamoorthy requests a sentence below the guidelines. A below guidelines sentence will reflect the seriousness of the conviction, while at the same time taking into account the various issues discussed throughout this Memorandum.

/s/*James W. Amberg*
AMBERG & AMBERG, PLLC
James W. Amberg P68564
Attorneys for the Defendant
104 W 4th St., Suite 305
Royal Oak, MI 48067
248.681.6255
248.681.0115 (fax)

Dated: December 6, 2018

# Exhibit A

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
104 W. FOURTH STREET, SUITE 305
ROYAL OAK, MI 48067
WWW.AMBERGLAW.NET

(248) 681-6255

**V.P. Veluswamy** M.D.,   **Angammal N. Veluswamy** M.D.,

Date: 11. 19. 18.

To:
Honorable Judge Terrence G BERG.
U.S. District Court. Detroit. MI.

Honorable Judge Berg,   Re: PRABHU RAMAMOORTHY.

I have enclosed a Typed letter for your review. I have worked in the State Mental Health System in MI. My experience in working as a Psychiatrist for 20 plus years; has given me a perspective in regards to rehabilitation for persons in the legal system. The case of Mr PRABHU RAMAMOORTHY indicates the devastating effect of an incident in a plane. He is a Computer Engineer with productive life in the Community. He is married and has been stable in his social and occupational sphere. I request you to dispose his case during the Sentencing phase. With wisdom and Compassion for his family and Community. Myself and my wife will do whatever we can to help him to re-settle in the Community. THANK YOU.

Sincerely Yours.

Enclosure: A Typed letter.

Veluswamy MD
V.P. VELUSWAMY MD

2150 Shore Hill Drive, W. Bloomfield, MI 48323-1962.  Phone: (248) 334-6642, ~~(248) 332-3014~~ Fax: ~~(248) 332-6609~~
2045 Gulf of Mexico # 608, Long Boat Key, FL 34228-3675.  Phone: (941) 383-4249
E-mail: ~~vpvelu@aol.com~~  VPVELUMD@YAHOO.COM.
941.232 9448 M.

| | |
|---|---|
| The Honorable Judge Terrence G Berge | Case manager: |
| United States District Court | Amanda Chubb. |
| Theodore Levin U.S. Courthouse | 313 234 2644 |
| 231 W. Lafayette Boulevard, Room 253 | Ref: Prabhu Ramamoorthy |
| Detroit, MI. 48226. | Dated: 11-19-2018. |

The Honorable Judge Berg,

My name is Varudeyam Ponnuswamy Veluswamy, a retired psychiatrist living in Oakland county Michigan. I have been a resident of Oakland County since 1966 and live with my wife who is also a Psychiatrist and my class-mate. We have two grown children and 3 grandchildren. I was employed by Oakland county Community Mental health as its Director for 30 years prior to my retirement. I am writing this letter voluntarily after hearing the plight of Mr. Prabhu Ramamoorthy who is currently incarcerated at Mylan Federal prison after being found guilty of sexual abuse on a flight from Las Vegas to Detroit. This apparently occurred in flight while he was sitting in between his wife and the person concerned. The Indian community living in Michigan was shocked and dismayed by this news. We discussed this in depth as a group. We as a law abiding group are dismayed by its repercussions and its implications to Mr. Prabhu Ramamoorthy, his wife and his family in India. This certainly will have catastrophic consequences to his wife who is an innocent bystander in is process. She will be branded and marked for the rest of her life. She will be treated "like a Paraya" by the community. We are afraid to think how his "once proud" parents are feeling. Those of us who personally know Mr. Prabhu Ramamoorthy feel that he is very honest, law abiding and very respectful of women. He was born and raised in India in a society which values high Morals and human Dignity. At this point he is obviously devastated and depressed. He is not considered as dangerous to anyone in the community. We are truly saddened by this incidence.

We are concerned about the rehabilitative process for his wife and the family. He has no previous criminal record. He does not have any social, behavioral or occupational problems. His wife will have her fair share in this process. His parents are devastated at this point. They are humble and proud parents who considered their children are their pride and joy and their security.

We are very much concerned about the effects of his long incarceration in this country and the rehabilitative process for him, his wife and the family. It will be very difficult for his wife to have any self-respecting life.

Any consideration given Mr. Prabhu Ramamoorthy in sentencing him will be greatly appreciated. We will do anything to be helpful in the process.

Thanking you in advance,

Yours gratefully

*[signature] Veluswamy M.D*

Varudeyam P. Veluswamy, MD.

# Exhibit B

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
104 W. FOURTH STREET, SUITE 305
ROYAL OAK, MI 48067
WWW.AMBERGLAW.NET

(248) 681-6255

11

*Consulate General of India*
455 N. Cityfront Plaza Drive
NBC Tower, Suite #850
Chicago, IL 60611



सत्यमेव जयते

Tel: 312-595-0405
Fax: 312-595-0416
www.indianconsulate.com

No. Chic/Cons/411/1/2018                                17th January 2017

### "POLICE CLEARANCE CERTIFICATE"

This is to certify that MR. **PRABHU RAMAMOORTHY** holder of Indian Passport Number **M8155808** issued at **COIMBATORE (INDIA)** on **APRIL 20, 2015** has not come to any adverse notice and no criminal case is pending against him in India.

(Asim Mandal)
Assistant Consular Officer
Phone#312-837-3870 (direct)


[Round stamp]