IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OF MICHIGAN
AT DETROIT

Criminal No. 2:18-CR-20027-1
(Terrence George Berg, District Judge)

UNITED STATES OF AMERICA,

    Respondent,

vs.

                                  Civil Action No._____

PRABHU RAMAMOORTHY,

    Defendant-Movant.
_____/

### MOTION TO VACATE, SET ASIDE, AND/OR CORRECT CONVICTION AND SENTENCE, AND AUTHORITY IN SUPPORT THEREOF, BROUGHT PURSUANT TO 28 U.S.C. 2255

NOW COMES Defendant, PRABHU RAMAMOORTHY, appearing pro se, and respectfully moves this Court of an order: (1) appointing counsel, pursuant to 18 U.S.C. 3006A; (2) vacating the judgment of conviction and sentence, pursuant to 28 U.S.C. 2255; and (3) admitting Defendant to bail pending the outcome of these proceedings. For the following reasons an order granting this motion should issue, in the interest of justice, and to prevent a complete miscarriage of justice.

I.   BACKGROUND.

On January 3, 2018, Defendant was arrested and subsequently indicted by a grand jury sitting in the Eastern District of Michigan for attempted and completed sexual abuse, in violation of 18 U.S.C. 2242(2). At the direction of counsel, this Defendant proceeded to trial where he was convicted on the single count indictment. The Court subsequently sentenced the Defendant to 108 months imprisonment, to be followed by five years of supervised release.

Defendant filed a timely appeal from the judgment of conviction. On February 7, 2020, a panel of the United States Court of Appeals for the Sixth Circuit affirmed the judgment. Defendant now moves to vacate his judgment of conviction and sentence on the ground that counsel provided him ineffective assistance in the plea agreement context.

II.   STATEMENT OF FACTS.

In the interest of brevity and judicial economy, only the facts relevant to the arguments advanced in this motion are set forth hereinafter.

Prior to trial, the Government extended to Defendant a plea offer in open court. The offer provided for a sentence of up to six years in prison. Counsel offered no advice regarding the desirability of the plea, and thereby deprived this While Defendant of a meaningful opportunity to consider the plea offer. Counsel did, however, assure Defendant that he would be acquitted of the single charge if he proceeded to trial.

In explaining to Defendant how he (counsel) would obtain an acquittal, he advised that he would argue to the jury and the Court that the "victim" was an exotic dancer (information counsel claimed to have obtained as a result investigations), and that the "victim" had only made the allegations so that she could sue the airline ("Spirit Airline"). According to counsel, the "victim" filed that civil lawsuit against the airline action seeking compensation, and that he (counsel) had evidence that the allegations were part of a larger fraud by the "victim," and that he would prove such to both the jury and Court at the commencement of the trial.

Counsel presented no evidence or arguments that he proposed advancing at the outset of the trial, which counsel advised would guarantee an acquittal. Counsel did not afford Defendant an opportunity to consider the plea offer, and did not inform Defendant that if he entered a plea of guilty (even without a plea agreement) that Defendant he could reduce his sentencing exposure. Nor did counsel discuss with Defendant the strength of the Government's case, other than to state the foregoing regarding the "victim" and her motive for making the allegations upon which Defendant was tried and convicted.

Finally, counsel never discussed Defendant's potential exposure, and failed to offer any professional advice regarding the desirability of the Government's favorable plea offer. Had Defendant been provided professional and competent advice regarding the plea offer (irrespective of his guilt or innocence) he would have accepted the plea offer and entered a plea of guilty. By doing so, he would have avoided the longer prison term. Further, had Defendant been informed of his potential sentencing exposure under the Sentencing Guidelines, and an opportunity to minimize that exposure by entering a plea of guilty, he would have elected to enter a plea of guilty rather than proceed to trial. On these facts, Defendant submits that he is entitled to relief from the judgment of conviction and sentence.

III. ARGUMENTS.

BY VIRTUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, DEFENDANT WAS DENIED THE OPPORTUNITY TO CONSIDER/ACCEPT A PLEA AGREEMENT FROM THE GOVERNMENT

(a) Legal Standard.

To prevail on a motion under 28 U.S.C. 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process. Ineffective assistance of counsel entitles a petitioner to such relief.

Criminal defendants have a right to the assistance of counsel under the Sixth Amendment. "Derivative of [this] right . . . is the right to have counsel provide effective assistance[.]" Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003). "[A]ssistance which is ineffective in preserving fairness does not meet the constitutional mandate[.]" Mickens v. Taylor, 535 U.S. 162, 166 (2002). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that 1)

"counsel's representation fell below an objective standard of reasonableness," and 2) counsel's deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 688 (1984). For counsel's performance to be deemed deficient, it must be "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance "must be highly deferential." Id. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. The petitioner must overcome the presumption that counsel's challenged conduct was sound trial strategy. Id. at 689. Moreover, to satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that the result of the proceedings would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

(b) Counsel's Deficient Performance.

Counsel's performance in failing to provide Defendant professional advice regarding the desirability of the plea offer, and his failure to seek a continuance to afford Defendant an opportunity to consider the plea offer, was tantamount to an abandonment of his duty as counsel. In this regard, his performance was clearly and undeniably constitutionally deficient. Thus, counsel's mishandling of the plea offer satisfies the first prong of the Strickland standard.

"[T]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1988)(quoting Boria v. Keane, 99 F.2d 492, 496-97 (2d Cir. 1996), quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases (1988)); Dedvukovic v. Martin, 36 F. App'x 795, 797 (6th Cir. 2002)(citing Boria, 99 F.3d at 496-97)). "A failure to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." Moss v. United States, 323 F.3d 445, 474 (6th Cir. 2003). Such guidance includes explaining the relative benefits and drawbacks of the plea offer because "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Gordon, 156 F.3d at 380.

In the Sixth Circuit, as a matter of law, a defendant "is entitled to the benefit of his attorney's superior experience and training in criminal law," to provide the defendant with a meaningful basis for deciding whether to accept a plea offer. Smith v. United States, 348 F.3d 545, 553 (6th Cir. 2003). In Smith, the Sixth Circuit elaborated on counsel's obligation in the context of a guilty plea. "The decision to plead guilty -- first, last and always -- rest with the defendant, not his lawyer.

Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequences of a conviction. On the other hand, the attorney has a clear obligation to fully inform her client of the available options. We have held that the failure to convey a plea offer constitutes ineffective assistance [], but in the context of the modern criminal justice system, which is driven largely by the Sentencing Guidelines more is required. A criminal defendant has a right to expect a least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time. The criminal defendant has a right to this information, just as he is entitled to the benefit of his attorney's superior experience and training in the criminal law." Id. at 552-53.

Here, counsel failed to provide Defendant any advice as to how to handle the Government's considerably favorable plea offer. At very least, at the time made the offer, counsel should have sought an adjournment and an opportunity to discuss the offer with Defendant, and to provide him with professional assistance and advice that was mandated by both the constitutional and prevailing professional norms. Defendant had a right to have counsel's expertise and professional opinion regarding the desirability of the plea offer, and counsel failed to provide any such advice. Counsel's inaction and omission effectively deprived Defendant of the opportunity to determine whether to proceed to trial or accept the offer. Counsel's inaction also deprived Defendant of a meaningful opportunity to consider the plea offer. Defendant was totally unfamiliar with the criminal justice process, and was totally unequipped to navigate the terrain without the benefit of effective assistance of counsel. But for counsel's performance, clearly and constitutionally deficient, Defendant would have accepted the Government's plea offer and entered a plea of guilty as opposed to having proceeded to trial.

Accordingly, the Court must find that Defendant has satisfied the first prong of the Strickland standard.

(b) Prejudice To Defendant's Case.

As noted, counsel deprived Defendant of an opportunity to consider the plea offer. But for counsel's constitutionally deficient performance, Defendant would have accepted the plea offer. Further, had Defendant known that a conviction after a trial could result in a substantial prison term, and that a plea of guilty (agreement or no agreement) could reduce that exposure, he would have entered a plea of guilty (with or without an agreement).

Had counsel afforded Defendant his right to consider the plea offer, Defendant would have accepted the offer and received a shorter prison term. Clearly, counsel's effective abandment of Defendant deprived Defendant of the counsel guaranteed by the Sixth Amendment, and the Court should find that Defendant has satisfied the Strickland standard's first prong. Accordingly, the Court should vacate the judgment of conviction and sentence, and restore Defendant to the position that he would have been in had counsel been performing as the counsel guaranteed by the Sixth Amendment.

(c) An Evidentiary Hearing Is Warranted.

"A prisoner who files a motion under section 2255 is entitled to 'a prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" Smith, 348 F.3d at 550-51 (quoting 28 U.S.C. 2255). A hearing should be held "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Fontaine v. United States, 411 U.S. 213, 215 (1973). The "petitioner's burden for establishing an evidentiary hearing is relatively light, Smith, 348 F.3d at 551. A hearing may be denied, however, "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)(citing Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Moreover, a hearing should be "tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and thoroughness of the record on which . . . the section 2255 motion is made." Smith, 348 F.3d at 550-51.

In the present case, an evidentiary hearing is warranted given the off-the-record conversations between Defendant and counsel that are relevant and essential to the Court's disposition of the claim of ineffective assistance of counsel. The Court should hold an evidentiary a hearing to afford Defendant a full and fair opportunity to meet his burden of establishing, to the Court's satisfaction, that counsel's performance fell far below an objective standard of reasonableness, resulting in substantial prejudice to Defendant, and entitling Defendant to relief from the judgment.

Accordingly, an evidentiary hearing should be promptly ordered and conducted by the Court, in the interest of justice and to prevent manifest injustice.

(d) **The Court Should Admit Defendant To Bail.**

It is well settled that federal courts have the inherent power to admit habeas petitioners to bail pending the outcome of the habeas proceedings. See, Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). However, bail is proper only where the petitioner has met a more stringent standard than that required for release on bail pending appeal under 18 U.S.C. 3143(b). Id. In order to obtain release pending habeas review, a prisoner must show a substantial constitutional claim on "which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." United States v. Eliely, 276 F. App'x 270, 270-71 (4th Cir. 2008); Dotson, 900 F.2d at 79 ("In order to receive bail pending a decision on the merits [of a habeas petition], prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making the motion for bail exceptional and deserving of special treatment in the interest of justice.'")(quoting Aronson v. May, 85 S.Ct. 3, 5 (1964))

In the present case, Defendant raises a substantial constitutional claim -- i.e., the denial of his Sixth Amendment right to Effective Assistance of Counsel. Further, there is a substantial likelihood of success on the merits of the motion since counsel cannot deny having denied Defendant an opportunity to decide whether to accept a considerably favorable plea offer. Finally, the sentence that would have been received, but for counsel's ineffectiveness, was a no jail sentence. Thus, in order to make the habeas remedy effective -- a remedy which entitles Defendant to immediate release -- bail is most appropriate.

Accordingly, the Court should order Defendant released on bail pending the final disposition of these Section 2255 proceedings.

(e) **The Court Should Appoint Counsel.**

Defendant is financially incapable of retaining private counsel. Defendant has received the assistance of a fellow prisoner in preparing and filing this motion, and he has no legal training or education, and is incapable of proceeding without the assistance of someone with some legal education or training. In the interest of justice, the appointment of counsel is warranted. 18 U.S.C. 3006A authorizes such an appointment, and Rule 8 of the Rules Governing Section 2255 Proceedings in the U.S. District Courts make such an appointment mandatory where a hearing is necessary.

A hearing in this case is absolutely necessary, and the Court should appoint counsel.

IV. **CONCLUSION.**

Defendant having demonstrated that he is entitled to relief from the judgment, he prays that this Court will issue an order granting this motion in its entirety.

V.   VERIFICATION.

Defendant hereby affirms, states, and declares, under penalty of perjury, and pursuant to 28 U.S.C. 1746, that the factual assertions made throughout this motion are true and correct to the best of his knowledge, belief, and recollection.

Dated: Allenwood, Pennsylvania
       March 3, 2020

Respectfully submitted,

X P.Q.
PRABHU RAMAMOORTHY
REGISTER NO. 56234-039
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PENNSYLVANIA 17887

Office Of The Clerk
U.S. District Court
Eastern District OF MICH
231 WEST Laffayette Blvd.
Detroit, Michigan 48226

U.S. MARSHAL RECEIVED MAR 09 2020