United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff/Respondent,  Case Nos. 18-20027/20-10643

   v.

           Honorable Terrence G. Berg

Prabhu Ramamoorthy,

   Defendant/Petitioner.

_____/

## Response to Motion to Vacate, Set Aside, or Correct Sentence [R. 93]

Prabhu Ramamoorthy chose to proceed to trial after receiving a plea offer from the government that would have limited his sentencing exposure. He now claims his attorney did not fully advise him about the difference in sentencing exposure and whether he should accept the government's plea offer. In a similar vein, he also claims his attorney did not present certain arguments regarding the victim at trial. While the bulk of Ramamoorthy's claims are either directly contradicted by the record or fail as a matter of law, a limited evidentiary hearing is needed to determine whether counsel provided Ramamoorthy with advice about whether to accept the government's offer.

## Relevant Background

A jury convicted Ramamoorthy of sexual abuse for digitally penetrating a sleeping woman on an airplane. (R. 70: Judgment, 846). Having presided over the trial, the Court is familiar with the facts and circumstances underlying the conviction. The Court sentenced Ramamoorthy to 108 months, a downward variance from the guideline range of 121–151 months. (*Id.* at 847; R. 87: Tr., 1948). The Sixth Circuit affirmed the conviction. (R. 91: Opinion, 2107).

Prior to trial, the government sent a written plea agreement to Ramamoorthy's counsel. (R. 80: Tr., 923). At the final pretrial conference, the Court discussed the government's plea offer on the record and confirmed that Ramamoorthy understood that he had the right to plead guilty if he wanted to (*Id.* at 923). The government put the terms of its offer on the record in Ramamoorthy's presence: a plea to one count of sexual abuse with a guideline range of 70–87 months. (*Id.*). The government explained that under this offer, there would be a cap of 87 months on Ramamoorthy's sentence. (*Id.*). The government further explained that by its calculations, Ramamoorthy's guideline range

would be at least 97–121 months if he were to go to trial, but that it could be even higher depending on which enhancements applied. (*Id.*).

Ramamoorthy's counsel, Jim Amberg, also discussed the government's plea offer on the record. (*Id.* at 925). Mr. Amberg stated that he discussed with Ramamoorthy the possibility that the government could seek additional enhancements after trial. (*Id.*). Mr. Amberg also stated that he advised Ramamoorthy that the guideline range could even go up to 151–188 months after trial. (*Id.*). Ramamoorthy confirmed (through his interpreter) that he understood his "worst case scenario" to be 151–188 months. (*Id.* at 926).

The Court advised that the maximum sentence for the offense charged was life in prison, and that the guidelines are not mandatory, so it is possible that any sentence Ramamoorthy received after trial could be higher than 188 months and even up to life. (*Id.* at 927). The Court asked Ramamoorthy if he understood what might happen if he were convicted after trial and what the penalty might be, and Ramamoorthy confirmed that he understood. (*Id.* at 928). Finally, the Court asked Ramamoorthy whether he wished to accept the

3

government's plea offer that would have limited his sentence to 87 months, and Ramamoorthy stated "I wish to go for trial." (*Id.* at 929).

Now, Ramamoorthy argues that he received ineffective assistance of counsel because he was not sufficiently advised of the government's plea, and that he would have accepted the government's plea offer. He also argues that his counsel failed to put forth certain arguments regarding the victim in the case.

## Argument

Relief under § 2255 is not easy, as it does not "encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The petitioner must clear a "significantly higher hurdle" than on direct appeal through "a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). In other words, there must be "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."

*Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted).

Ramamoorthy argues his attorney provided ineffective assistance that negatively affected his sentence. To be sure, the Sixth Amendment provides a right to counsel for anyone accused of a criminal offense. U.S. Const. amend. VI. This right includes not just counsel, but the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But movants who allege ineffective assistance after a conviction "bear a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006). The movant must show that his "counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Ramamoorthy must show both deficient performance *and* prejudice to prevail on his claim. *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009). Deficient performance requires "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. An attorney's

performance is measured by "prevailing professional norms," *id.* at 688, with courts strongly presuming that "counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002). As a result, review of counsel's performance is "highly deferential" to avoid the temptation "to second-guess the counsel's assistance after conviction or adverse sentence." *Strickland*, 466 U.S. at 689.

Ramamoorthy's claims of ineffective assistance can be separated into the following three categories:

1. Counsel did not offer advice regarding the "desirability" of the plea offer or discuss with Ramamoorthy the strength of the government's case, and instead assured Ramamoorthy that he would be acquitted (R. 93, Motion, 2123);

2. Counsel did not present certain arguments or evidence regarding the victim's supposed profession or reasons for coming forward (*Id.* at 2124);

3. Counsel did not discuss Ramamoorthy's potential sentencing

exposure (*Id.*).

## A. The record conclusively establishes that Ramamoorthy was aware of his potential sentencing exposure.

Two out of Ramamoorthy's three categories of claims can be easily resolved by the Court without a hearing. First, Ramamoorthy's claim that counsel did not inform him of his potential sentencing exposure is directly contradicted by the record. No evidentiary hearing is required where "the record conclusively shows that the prisoner is entitled to no relief," *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015), or where the petitioner's allegations are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Arredondo*, 178 F.3d 778, 782 (6th Cir. 1999). Here, the record conclusively establishes that Ramamoorthy was aware of his potential sentencing exposure, and that he discussed that exposure in detail with his attorney. (R. 80: Tr., 923). Ramamoorthy himself confirmed his awareness and understanding. (*Id.*). Ramamoorthy is not entitled to relief on his claim that counsel did not inform him of his sentencing exposure, nor is he entitled to an evidentiary hearing.

## B. Mr. Amberg's decision not to present Ramamoorthy's claims about the victim was not objectively unreasonable.

Second, Ramamoorthy's claims about the victim's profession or reasons for coming forward are not supported by the record. But even if they were, Mr. Amberg's decision not to make those arguments does not rise to the level of deficient performance required to prove an error of constitutional magnitude. Thus, the Court can resolve this claim without a hearing.

In affording counsel the high degree of deference required, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. And "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchalleangeble; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91.

Here, even Ramamoorthy acknowledges that his counsel engaged in an investigation concerning the victim. (R. 93: Motion, 2124). The decisions that Mr. Amberg made as a result of that investigation are presumed to be reasonable. In addition, Mr. Amberg vigorously cross examined the victim during trial. Ramamoorthy cannot overcome the presumption that it was a sound trial strategy to refrain from questioning the victim about or making the arguments Ramamoorthy puts forward in his motion. It is both reasonable and prudent to refrain from making potentially inflammatory allegations about a sexual assault victim during a jury trial. Mr. Amberg's decisions in this regard do not fall below the objective standard of reasonableness necessary to prove deficient performance under *Strickland*.

Further, Ramamoorthy fails to allege, much less show, that Mr. Amberg's decision not to present this evidence prejudiced him in any way. Given the strength of the evidence against him, including his own partial confession, he cannot show that the outcome would have been different if Mr. Amberg had presented Ramamoorthy's claims about the victim to the jury. *Strickland*, 466 U.S. at 694. Nor is it even clear whether the arguments Ramamoorthy put forth about the victim are

relevant or admissible. Therefore, Ramamoorthy is not entitled to relief on his claim that counsel did not present certain arguments or evidence regarding the victim.

### C. A limited evidentiary hearing is needed to determine whether Mr. Amberg gave Ramamoorthy advice about accepting the government's plea offer.

Ramamoorthy also claims that his counsel did not offer advice regarding the "desirability" of the plea offer or discuss with Ramamoorthy the strength of the government's case, and instead assured Ramamoorthy that he would be acquitted. (R. 93, Motion, 2123). Ramamoorthy is correct that a defendant is entitled to competent advice on whether to accept a formal plea offer from the government. *Lafler v. Cooper*, 566 U.S. 134, 145 (2012). Failure to do so may violate the Sixth Amendment if prejudice results. *Smith v. Cook*, 956 F.3d 377, 393–94 (6th Cir. 2020). To demonstrate prejudice in this context, Ramamoorthy must show a reasonable probability that he would have taken the plea offer and that the trial court would have accepted it. *Id.* at 394. Courts should not upset a conviction solely because of post hoc assertions from the defendant about how he would have pleaded, but

10

should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Id.*

Ramamoorthy's only evidence that Mr. Amberg failed to offer any advice regarding the government's plea offer, and that he would have accepted the plea offer if he received such advice, are his own statements. Mr. Amberg's recollection contradicts those statements. *See* **Exhibit A**, Letter from Jim Amberg. According to Mr. Amberg, Ramamoorthy's claims that Mr. Amberg failed to discuss with him or render advice about the government's plea offer are false. *Id.* However, Mr. Amberg could not include details regarding his conversations with Ramamoorthy because they are protected by the attorney-client privilege.

The record does provide circumstantial support for Mr. Amberg's recollection, in that Mr. Amberg stated that he advised Ramamoorthy about his sentencing exposure. However, the record does not definitively show that Mr. Amberg gave Ramamoorthy advice about whether to accept the government's plea offer. Where there is a factual dispute, the Court must hold an evidentiary hearing to determine the truth of the petitioner's claims. *Turner v. United States*, 183 F.3d 474,

11

477 (6th Cir. 1999). The government recommends that the Court hold a limited evidentiary hearing on this narrow question: whether Mr. Amberg provided advice to Ramamoorthy about whether to accept the government's plea offer, and if not, whether Ramamoorthy would have accepted the plea offer had he been provided with such advice. *See United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) ("Section 2255's reference to a hearing does not require a full blown evidentiary hearing in every instance . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made.").

The government requests that the Court issue an order waiving attorney-client privilege for purposes of the hearing. Privilege is implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). The government further requests that Ramamoorthy be appointed counsel to represent him at the hearing. There is a limited statutory right to counsel for certain § 2255

proceedings, including instances in which an evidentiary hearing will be held. *Young v. United States*, No. 15-4063, 2017 WL 4358942, at *2 (6th Cir. 2017).

### D. Ramamoorthy should not be released pending resolution of this motion.

The Court should deny Ramamoorthy's request for bail. In order to receive bail pending a decision on the merits, habeas petitioners must be able to show not only a substantial claim of law based on the facts surrounding the petition but the existence of some circumstance that makes the pending motion "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). For the reasons explained above, two of Ramamoorthy's claims can be denied outright. The remaining issue does not present a substantial claim deserving of special treatment in the interests of justice.

## Conclusion

For these reasons, the Court should order an evidentiary hearing on the limited issue of whether Mr. Amberg provided advice about the government's plea offer.

Respectfully submitted,

Matthew Schneider
United States Attorney

/s/ Amanda Jawad
Amanda Jawad
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9116
Email: amanda.jawad@usdoj.gov

Dated: June 8, 2020

**Certificate of Service**

The pro se litigant in this case cannot be served by the Court's ECF system and must be served by mail. The closure of our office due to the COVID-19 epidemic has severely limited the access of USAO personnel to printers and postage and the frequency of trips to a post office. Although this response was electronically filed on June 8, 2020, it will be mailed by an employee of the U.S. Attorney's office no later than June 10, 2020 at the following address:

Prabhu Ramamoorthy<br>
Moshannon Valley Correctional Institution<br>
555 Geo Drive<br>
Philipsburg, PA 16866

/s/ Amanda Jawad
Assistant United States Attorney