# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**

**PRABHU RAMAMOORTHY,**

    Defendant.

Case No.: **2:18-cr-20027**
Civil No.; **20-10643**

U.S. District Judge:
**Hon.: Terrence G. Berg**

## NOTICE REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Defendant Prabhu Ramamoorthy through his Counsel, Martin J. Beres submits this Notice to the Court that he will not waive his Attorney-Client Privilege with Co-counsel Mr. Victor Mansour, and in support thereof states:

1. That on May 3, 2021, the Court entered an order for supplemental evidentiary hearing to take the testimony of attorney Victor Mansour who represented Mr. Ramamoorthy as co-counsel along with Mr. James Amberg. In addition to ordering Mr. Mansour to appear and testify at an evidentiary hearing, the Court ordered that:

> Counsel for the Government and counsel for Defendant shall meet and confer to discuss whether any issues of attorney-client privilege must be waived in order to permit this testimony and, if they agree it is necessary, submit a stipulated order waiving such privilege prior to the hearing.

ECF No. 107, Order Requiring Supplemental Hearing, 5/3/21, PageID.2171

2. That in accordance with the order of the Court counsel herein and AUSA Amanda Jawad, briefly discussed the issue of waiver of Mr. Ramamoorthy's attorney-client privilege with Mr. Mansour on May 10, 2021.

3. That after consultation with Mr. Ramamoorthy on this subject he indicates that he will decline to waive his attorney-client privilege with Mr. Mansour.

4. That in support of his position Mr. Ramamoorthy submits that:

    a. The Michigan Rules of Professional Conduct (MRPC) Rule 1.6, "Confidentiality of Information" (attached in full) essentially states that an attorney may not reveal confidential communications unless waived by the client. That the duty of confidentiality continues after the client-lawyer relationship has terminated.

    b. Mr. Ramamoorthy has no claim of ineffective assistance of counsel or other misconduct against Mr. Mansour. Consequently, Mr. Mansour has no reason to disclose confidential communication to defend himself, and Mr. Rammoorthy is not subject to the implied waiver of his privilege more fully discussed in *In re Lott,* 424 F.3d 446 (6th Cir. 2005).

    c. That if Mr. Mansour is called to testify at the supplemental evidentiary hearing, Mr. Ramamoorthy intends to invoke his attorney-client privilege regarding any confidential communications, including any such communications that took place at the meeting at the courthouse on August 2, 2018, attended by Mr. Mansour prior to the final pretrial.

Respectfully submitted:

/s/     *Martin J. Beres*
MARTIN J. BERES, (P-26407)
Attorney for Prabhu Ramamoorthy
42211 Garfield Road, #146
Clinton Township, Michigan 48038
(586) 260-8373
mjberes@gmail.com

DATED:  **May 28, 2021**

_____

## CERTIFICATE OF SERVICE

I certify that on **May 28, 2021,** the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.  Paper copies have been served by U.S. Mail to parties not registered in the CM/ECF system, on this date.

/s/     *Martin J. Beres*
MARTIN J. BERES, (P-26407)
Attorney for Prabhu Ramamoorthy

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**PRABHU RAMAMOORTHY,**

    Defendant.

Case No.: **2:18-cr-20027**
Civil No.; **20-10643**

U.S. District Judge:
**Hon.: Terrence G. Berg**

## ATTACHMENT TO

## NOTICE REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

1. Michigan Rules of Professional Conduct Rule 1.6, Confidentiality of Information.

client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implications. Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage. See MCR 8.121.

*DIVISION OF FEE*

A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Paragraph (e) permits the lawyers to divide a fee on agreement between the participating lawyers if the client is advised and does not object. It does not require disclosure to the client of the share that each lawyer is to receive.

*DISPUTES OVER FEES*

If a procedure has been established for resolution of fee disputes, such as an arbitration or mediation procedure established by the bar, the lawyer should conscientiously consider submitting to it. Law may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, of a class, or of a person entitled to a reasonable fee as part of the measure of damages. The lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

**Rule: 1.6  Confidentiality of Information**

(a) "Confidence" refers to information protected by the client-lawyer privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(b) Except when permitted under paragraph (c), a lawyer shall not knowingly:

   (1) reveal a confidence or secret of a client;

   (2) use a confidence or secret of a client to the disadvantage of the client; or

   (3) use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure.

(c) A lawyer may reveal:

   (1) confidences or secrets with the consent of the client or clients affected, but only after full disclosure to them;

   (2) confidences or secrets when permitted or required by these rules, or when required by law or by court order;

   (3) confidences and secrets to the extent reasonably necessary to rectify the consequences of a client's illegal or fraudulent act in the furtherance of which the lawyer's services have been used;

   (4) the intention of a client to commit a crime and the information necessary to prevent the crime; and

    (5) confidences or secrets necessary to establish or collect a fee, or to defend the lawyer or the lawyer's employees or associates against an accusation of wrongful conduct.

(d) A lawyer shall exercise reasonable care to prevent employees, associates, and others whose services are utilized by the lawyer from disclosing or using confidences or secrets of a client, except that a lawyer may reveal the information allowed by paragraph (c) through an employee.

*Comment:* The lawyer is part of a judicial system charged with upholding the law. One of the lawyer's functions is to advise clients so that they avoid any violation of the law in the proper exercise of their rights.

The observance of the ethical obligation of a lawyer to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client, but also encourages people to seek early legal assistance.

Almost without exception, clients come to lawyers in order to determine what their rights are and what is, in the maze of laws and regulations, deemed to be legal and correct. The common law recognizes that the client's confidences must be protected from disclosure. Upon the basis of experience, lawyers know that almost all clients follow the advice given and that the law is upheld.

A fundamental principle in the client-lawyer relationship is that the lawyer maintain confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter.

The principle of confidentiality is given effect in two related bodies of law, the client-lawyer privilege (which includes the work-product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics. The client-lawyer privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule applies to confidences and secrets as defined in the rule. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also *Scope, ante,* p M 1-18.

The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.

*AUTHORIZED DISCLOSURE*

A lawyer is impliedly authorized to make disclosures about a client when appropriate in carrying out the representation, except to the extent that the client's instructions or special circumstances limit that authority. In litigation, for example, a lawyer may disclose information by admitting a fact that cannot properly be disputed, or, in negotiation, by making a disclosure that facilitates a satisfactory conclusion.

Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers, or unless the disclosure would breach a screen erected within the firm in accordance with Rules 1.10(b), 1.11(a), or 1.12(c).

*DISCLOSURE ADVERSE TO CLIENT*

The confidentiality rule is subject to limited exceptions. In becoming privy to information about a client, a lawyer may foresee that the client intends to commit a crime. To the extent a lawyer is prohibited from making disclosure, the interests of the potential victim are sacrificed in favor of preserving the client's confidences even though the client's purpose is wrongful. To the extent a lawyer is required or permitted to disclose a client's purposes, the client may be inhibited from revealing facts which would enable the lawyer to counsel against a wrongful course of action. A rule governing disclosure of threatened harm thus involves balancing the interests of one group of potential victims against those of another. On the assumption that lawyers generally fulfill their duty to advise against the commission of deliberately wrongful acts, the public is better protected if full and open communication by the client is encouraged than if it is inhibited.

Generally speaking, information relating to the representation must be kept confidential as stated in paragraph (b). However, when the client is or will be engaged in criminal conduct or the integrity of the lawyer's own conduct is involved, the principle of confidentiality may appropriately yield, depending on the lawyer's knowledge about and relationship to the conduct in question, and the seriousness of that conduct. Several situations must be distinguished.

First, the lawyer may not counsel or assist a client in conduct that is illegal or fraudulent. See Rule 1.2(c). Similarly, a lawyer has a duty under Rule 3.3(a)(4) not to use false evidence. This duty is essentially a special instance of the duty prescribed in Rule 1.2(c) to avoid assisting a client in illegal or fraudulent conduct. The same is true of compliance with Rule 4.1 concerning truthfulness of a lawyer's own representations.

Second, the lawyer may have been innocently involved in past conduct by the client that was criminal or fraudulent. In such a situation the lawyer has not violated Rule 1.2(c), because to "counsel or assist" criminal or fraudulent conduct requires knowing that the conduct is of that character. Even if the involvement was innocent, however, the fact remains that the lawyer's professional services were made the instrument of the client's crime or fraud. The lawyer, therefore, has a legitimate interest in being able to rectify the consequences of such conduct, and has the professional right, although not a professional duty, to rectify the situation. Exercising that right may require revealing information relating to the representation. Paragraph (c)(3) gives the lawyer professional discretion to reveal such information to the extent necessary to accomplish rectification. However, the constitutional rights of defendants in criminal cases may limit the extent to which counsel for a defendant may correct a misrepresentation that is based on information provided by the client. See comment to Rule 3.3.

Third, the lawyer may learn that a client intends prospective conduct that is criminal. Inaction by the lawyer is not a violation of Rule 1.2(c), except in the limited circumstances where failure to act constitutes assisting the client. See comment to Rule 1.2(c). However, the lawyer's knowledge of the client's purpose may enable the lawyer to prevent commission of the prospective crime. If the prospective crime is likely to result in substantial injury, the lawyer may feel a moral obligation to take preventive action. When the threatened injury is grave, such as homicide or serious bodily injury, a lawyer may have an obligation under tort or criminal law to take reasonable preventive measures. Whether the lawyer's concern is based on moral or legal considerations, the interest in preventing the harm may be more compelling than the interest in preserving confidentiality of information relating to the client. As stated in paragraph (c)(4), the lawyer has professional discretion to reveal information in order to prevent a client's criminal act.

It is arguable that the lawyer should have a professional obligation to make a disclosure in order to prevent homicide or serious bodily injury which the lawyer knows is intended by the client. However, it is very difficult for a lawyer to "know" when such a heinous purpose will actually be carried out, for the client may have a change of mind. To require disclosure when the client intends such an act, at the risk of professional discipline if the assessment of the client's purpose turns out to be wrong, would be to impose a penal risk that might interfere with the lawyer's resolution of an inherently difficult moral dilemma.

The lawyer's exercise of discretion requires consideration of such factors as magnitude, proximity, and likelihood of the contemplated wrong; the nature of the lawyer's relationship with the client and with those who might be injured by the client; the lawyer's own involvement in the transaction; and factors that may extenuate the conduct in question. Where practical, the lawyer should seek to persuade the client to take suitable action. In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to the purpose. A lawyer's decision not to make a disclosure permitted by paragraph (c) does not violate this rule.

Where the client is an organization, the lawyer may be in doubt whether contemplated conduct will actually be carried out by the organization. Where necessary to guide conduct in connection with this rule, the lawyer should make an inquiry within the organization as indicated in Rule 1.13(b).

Paragraph (c)(3) does not apply where a lawyer is employed after a crime or fraud has been committed to represent the client in matters ensuing therefrom.

*WITHDRAWAL*

If the lawyer's services will be used by the client in materially furthering a course of criminal or fraudulent conduct, the lawyer must withdraw, as stated in Rule 1.16(a)(1).

After withdrawal the lawyer is required to refrain from making disclosure of the client's confidences, except as otherwise provided in Rule 1.6. Neither this rule nor Rule 1.8(b) nor Rule 1.16(d) prevents the lawyer from giving notice of the fact of

withdrawal, and the lawyer may also withdraw or disaffirm any opinion, document, affirmation, or the like.

*DISPUTE CONCERNING LAWYER'S CONDUCT*

Where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client. The lawyer's right to respond arises when an assertion of complicity or other misconduct has been made. Paragraph (c)(5) does not require the lawyer to await the commencement of an action or proceeding that charges complicity or other misconduct, so that the defense may be established by responding directly to a third party who has made such an assertion. The right to defend, of course, applies where a proceeding has been commenced. Where practicable and not prejudicial to the lawyer's ability to establish the defense, the lawyer should advise the client of the third party's assertion and request that the client respond appropriately. In any event, disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, the disclosure should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

If the lawyer is charged with wrongdoing in which the client's conduct is implicated, the rule of confidentiality should not prevent the lawyer from defending against the charge. Such a charge can arise in a civil, criminal, or professional disciplinary proceeding, and can be based on a wrong allegedly committed by the lawyer against the client, or on a wrong alleged by a third person, for example, a person claiming to have been defrauded by the lawyer and client acting together.

A lawyer entitled to a fee is permitted by paragraph (c)(5) to prove the services rendered in an action to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary. As stated above, the lawyer must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure.

*DISCLOSURES OTHERWISE REQUIRED OR AUTHORIZED*

The scope of the client-lawyer privilege is a question of law. If a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, paragraph (b)(1) requires the lawyer to invoke the privilege when it is applicable. The lawyer must comply with the final orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client.

The Rules of Professional Conduct in various circumstances permit or require a lawyer to disclose information relating to the representation. See Rules 2.2, 2.3, 3.3 and 4.1. In addition to these provisions, a lawyer may be obligated or permitted by other provisions of law to give information about a client. Whether another

provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these rules, but a presumption should exist against such a supersession.

*FORMER CLIENT*

The duty of confidentiality continues after the client-lawyer relationship has terminated. See Rule 1.9.

*CONFIDENTIALITY OF INFORMATION*

When transmitting a communication that contains confidential and/or privileged information relating to the representation of a client, the lawyer should take reasonable measures and act competently so that the confidential and/or privileged client information will not be revealed to unintended third parties.

**Rule: 1.7  Conflict of Interest: General Rule**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

> (2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

> (1) the lawyer reasonably believes the representation will not be adversely affected; and

> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

*Comment:*

*LOYALTY TO A CLIENT*

Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. The lawyer should adopt reasonable procedures, appropriate for the size and type of firm and practice, to determine in both litigation and nonlitigation matters the parties and issues involved and to determine whether there are actual or potential conflicts of interest.

If such a conflict arises after representation has been undertaken, the lawyer should withdraw from the representation. See Rule 1.16. Where more than one client is involved and the lawyer withdraws because a conflict arises after representation, whether the lawyer may continue to represent any of the clients is determined by Rule 1.9. See also Rule 2.2(c). As to whether a client-lawyer relationship exists or, having once been established, is continuing, see comment to Rule 1.3 and *Scope, ante,* p M 1-18.