United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff/Respondent,        Case Nos. 18-20027/20-10643

       v.

                                     Honorable Terrence G. Berg

Prabhu Ramamoorthy,

       Defendant/Petitioner.

_____/

## Response to Defendant/Petitioner's Notice Regarding Waiver of Attorney-Client Privilege [R. 110]

      This Court ordered Ramamoorthy's former co-counsel Victor Mansour to appear as a witness for a supplemental hearing on Ramamoorthy's claims under 28 U.S.C. § 2255. (R. 107: Order, 2171). Ramamoorthy has indicated that he will not waive the attorney-client privilege with respect to Mr. Mansour and intends to object to Mr. Mansour's testimony on that basis. The government respectfully requests that the Court overrule Ramamoorthy's objections for the reasons explained here.

      First, Ramamoorthy's argument has been rejected by other courts in this district. In *States v. Gaskin*, a habeas petitioner argued that the

attorney-client privilege waiver should only extend to communications with the attorney alleged to have provided ineffective assistance of counsel. No. 2:11-CR-20178, 2018 WL 1150241, at *2 (E.D. Mich. Mar. 5, 2018) (Murphy, J.). The court found that "[p]etitioner's other attorneys may be able to provide…crucially important information. And because Petitioner injected those issues into the litigation, he cannot hide behind the attorney-client privilege." *Id.* (citing *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005)).

Indeed, the Sixth Circuit in *Lott* held that the attorney-client privilege cannot be used as a shield and sword. *Id.* When an individual calls into question the competence of his attorney, the attorney-client privilege is waived. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). The eleventh circuit has held that a party waives its attorney-client privilege when it injects into the litigation an issue that requires testimony from its *attorneys* or testimony concerning the reasonableness of its attorneys' conduct. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (emphasis added). The privilege is waived to the extent necessary to litigate the petitioner's ineffective assistance of

2

counsel claims. *See Mason v. Mitchell*, 293 F.Supp.2d 819 (N.D. Ohio 2003).

This Court has already determined that testimony from Mr. Mansour will enable a more thorough analysis of Defendant's claims. (R. 107: Order, 2171). Mr. Mansour's testimony is therefore necessary to litigate those claims—claims that require the discussion of privilege communications due to their nature. Plus, Ramamoorthy's other former counsel, Mr. Amberg, has already revealed the substance of the communications relevant to this hearing. The government does not anticipate that Mr. Mansour will be testifying regarding any communications that are outside the scope of Mr. Amberg's prior testimony.

                              Respectfully submitted,

                              Saima S. Mohsin
                              Acting United States Attorney

                              <u>/s/ Amanda Jawad</u>
                              Amanda Jawad
                              Assistant United States Attorney
                              211 West Fort Street, Suite 2001
                              Detroit, MI 48226
                              Phone: (313) 226-9116
                              Email: amanda.jawad@usdoj.gov

Dated: June 13, 2021

4

## Certificate of Service

I certify that I filed the foregoing document using the Court's electronic filing system on June 13, 2021, which will send notice to all parties of record.

/s/ Amanda Jawad
Assistant United States Attorney