UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>vs.<br><br>**PRABHU RAMAMOORTHY**,<br><br>Defendant. | 2:18-CR-20027-TGB<br><br>**ORDER FINDING IMPLIED WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND CONTINUING HEARING** |

Defendant Prabhu Ramamoorthy has filed a petition under 28 U.S.C. § 2255 seeking to vacate his conviction after a jury trial. ECF No. 93. Mr. Ramamoorthy claims he received ineffective assistance of counsel because his attorney allegedly did not provide him with advice concerning the government's proposed plea agreement and did not show him the plea agreement before his trial. This challenge is described in detail in the Court's previous orders regarding this matter. ECF Nos. 100, 107. On March 12, 2021, at the request of both parties, the Court conducted an evidentiary hearing on the motion. Tr. of 3/12/21 Evidentiary Hr'g, ECF No. 108.

Mr. Ramamoorthy's testimony and that of his attorney Mr. Amberg were in direct conflict as to what happened during a meeting just before they appeared before the Court for the Final Pretrial Conference on

1

August 2, 2018. A third attorney—Mr. Victor Mansour—was also present and representing Mr. Ramamoorthy during the discussions that are in dispute. After the hearing, the Court issued an order requiring the presentation of additional evidence. ECF No. 107. Specifically, the Court wished to hear the testimony of Mr. Mansour.

Mr. Ramamoorthy has objected to allowing Mr. Mansour to testify based on attorney-client privilege. Mr. Ramamoorthy waived this privilege regarding Mr. Amberg's testimony, ECF No. 102, but has declined to do so regarding testimony by Mr. Mansour. ECF No. 110.

The attorney-client privilege protects from disclosure certain communications between counsel and client; it can be waived when an individual makes a claim of ineffective assistance of counsel. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). Indeed, a client implicitly waives attorney-client privilege when he or she "injects into [the] litigation an issue that requires testimony from [their] attorneys or testimony concerning the reasonableness of [their] attorneys' conduct." *Id.* at 453 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). This only makes sense: if a defendant claims that counsel was ineffective for a particular reason that relates to the attorney's conduct, statements, or lack thereof, the Court could not resolve that issue unless it were permitted to hear testimony from the attorney.

Although such an implied waiver should be narrowly drawn and sparingly extended, the Sixth Circuit in *Lott* did not hold that the waiver

could only be applied to the specific attorney whose conduct is in question. Rather, the Court's responsibility is to ensure that the waiver is "limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims." *Id.* (citing *Mason v. Mitchell*, 293 F.Supp.2d 819, 823-24 (N.D. Ohio 2003)). In order to effectively resolve the issue here, the Court will benefit from Mr. Mansour's testimony as to what happened during the meeting that preceded the Final Pretrial Conference.

The Court heard oral argument from the attorneys on this question at a hearing on June 14, 2021. At the conclusion of the hearing, the Court ruled that the attorney-client privilege has been impliedly waived by Mr. Ramamoorthy to the extent that it is necessary for the Court to question Mr. Mansour about whether advice was provided concerning the plea agreement and whether the agreement was shown to the defendant.

Further, the Court found, and Mr. Ramamoorthy's attorney conceded, that for Mr. Mansour to testify as to whether a copy of the plea agreement was shown to Mr. Ramamoorthy would not reveal any privileged communication. Finally, the Court made it clear that any statements Mr. Ramamoorthy may have made to his attorneys about his case during the meeting would still be privileged and would not be inquired into at a future hearing.

It is therefore **ORDERED** that Attorney Victor Mansour shall appear at a continued evidentiary hearing on July 30, 2021 at 10:00 A.M.. While retaining all their rights to object or make legal argument to the

Court, counsel for Mr. Ramamoorthy and for the government will confine their questioning to the scope defined on the record and in this order.

**SO ORDERED**, this 28th day of June, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE